WASHOE COUNTY, A POLITICAL SUBDIVISION, APPELLANT, v. HERMAN BAKER AND ROBERT DRAKE, DOING BUSINESS AS YELLOW CAB COMPANY, RESPONDENTS.

No. 4176

June 18, 1959                                        340 P.2d 1003

*William J. Raggio,* District Attorney, Washoe County; *Emile J. Gezelin,* Chief Deputy District Attorney, Washoe County, Reno, for Appellant.

*Vargas, Dillon and Bartlett,* of Reno, for Respondents.

## OPINION

By the Court, MERRILL, C. J.:

By declaratory judgment the trial court has ruled that in a civil action the county is chargeable for all jury fees accruing prior to empanelment of the jury. The county appeals from that judgment. It contends that all civil jurors' fees, including the fees of the entire panel accruing prior to empanelment of the jury, should be paid by the party demanding the jury.

The issue presented involves the construction of NRS 6.150, the material portions of which are as follows:

Subsection 1, "Each person summoned to attend as

a grand or trial juror, \* \* \* shall receive $6 per day for each day he may be in attendance, \* \* \*."

Subsection 4, "In civil cases, the per diem of each juror engaged in the trial of the cause shall be paid each day in advance to the clerk of the court, \* \* \* by the party who shall have demanded the jury. \* \* \*"

Subsection 5, "The fees paid jurors by the county clerks for services in a civil action or proceeding (which he has received from the party demanding the jury) shall be deducted from the total amount due them for attendance as such jurors, and any balance shall be a charge against the county."

It is clear from Subsection 5 that the responsibility for payment of jurors' fees is to be shared between the county and the litigants; that a "balance" may become chargeable to the county. This disposes of the contention of the county that it is free from all responsibility. The question remaining is as to the manner in which this responsibility is to be shared.

The total responsibility as fixed by Subsection 1 and mentioned again in Subsection 5 is to pay the fees for attendance of all persons summoned to attend as jurors. The limited responsibility of the party demanding a jury in a civil action is to pay the fees of those "engaged in the trial of the cause" (Subsection 4) for "services in a civil action." (Subsection 5)

In our view this language limits the responsibility of the party demanding a jury to pay the per diem of jurors for services rendered during the trial itself from the time they are selected and sworn. Payment of the fees resulting from attendance prior to trial is the responsibility of the county.

The arrangement thus provided would not seem unreasonable and might even be regarded as traditional. The county is made to assume the responsibility for providing the mechanics by which a jury trial may be had. The litigants assume the cost of the trial itself.

The county supports its contention by reference to

legislative history. It points out that by recent amendments certain language expressly imposing responsibility on the county was stricken from the statute, thus demonstrating a legislative intent to relieve the county from all such responsibility.

It is no doubt true that consideration of what the legislature has taken out, does (in the light of what it has chosen to leave in) create confusion as to its precise intent.

In our view, however, that which remains as statute constitutes an adequate statement of the manner in which the responsibility for payment of fees shall be shared. The resulting arrangement is not unreasonable. We shall not, then, permit a resort to legislative history for the purpose of rendering ambiguous that which otherwise appears to be both clear and reasonable.

Affirmed.

McNAMEE and BADT, JJ., concur.